# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WAYNE RESPRESS,
    Appellant,

   v.

DEPARTMENT OF THE AIR FORCE,
    Agency.

DOCKET NUMBER
CH-0752-15-0660-I-1

DATE: May 3, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Wayne Respress, Dayton, Ohio, pro se.

F. Thomas Giambattista, Esquire, and William A. McClain, II,
 Wright-Patterson Air Force Base, Ohio, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　It is undisputed that the appellant was employed as a GS-08 Fire Protection Inspector at the agency's Wright-Patterson Air Force Base when the agency removed him in March 1992 for illegal drug use. Initial Appeal File (IAF), Tab 1 at 10. The appellant admits that he was taking drugs at the time of his removal. IAF, Tab 7. He asserts that he injured his back in 1987 and when he returned to work after the injury, he claimed that he initially abused his prescription medication and then purchased illegal drugs when his prescriptions ran out. Subsequently, the appellant failed a random drug test performed by the agency, and he was removed for illegal drug use. IAF, Tab 1 at 5-6, Tab 10.

¶3　　In August 2015, the appellant filed this appeal, 23 years after the effective date of his removal. IAF, Tab 1. In response to the Board's order to show that his appeal was filed on time or that good cause existed for the delay in filing, the appellant argued the following: (1) that his attorney in 1992 filed his paperwork incorrectly; and (2) that his drug addiction prevented him from actively participating in his appeal. IAF, Tab 7.

¶4　　The Board's regulations provide that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R.

§ 1201.22(b). The regulations further provide that, if a party does not submit an appeal within the applicable time limit, it will be dismissed as untimely filed unless a good reason for the delay is shown. 5 C.F.R. § 1201.22(c); *see Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 8 (2007). To establish good cause for an untimely appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5 Here, the administrative judge found that the appellant filed his removal appeal 23 years late and that he failed to demonstrate good cause for his untimely filing. IAF, Tab 11, Initial Decision (ID) at 4-5. The administrative judge determined that, because the appellant is bound by the actions of his chosen representative, the appellant's unsupported claim that his counsel failed to correctly file his appeal in 1992 does not excuse his delay in filing. ID at 4. The administrative judge also found that, to the extent the appellant is arguing that his drug addiction caused the 23-year delay, the appellant failed to document his apparent incapacitation during that lengthy period of time. ID at 4. Thus, she dismissed the appeal as untimely filed. ID at 5.

¶6 On review, the appellant does not challenge the administrative judge's findings regarding the timeliness of his appeal, and we have found no basis upon which to disturb the administrative judge's determinations in this regard. Rather, the appellant appears to argue the merits of his underlying removal, which are not

relevant to the timeliness issue. *Coles v. Department of the Army*, 85 M.S.P.R. 571, ¶ 5 (2000). Thus, we conclude that the appeal was correctly dismissed as untimely filed without a showing of good cause for the delay.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.